UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BARKACS,<br><br>    Petitioner,<br>v.<br>D. ADAMS, Warden,<br>    Respondent. | Civil No. 08cv2139 JAH (WMC)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS [DOC. # 22]; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. # 20]; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner James Robert Barkacs ("petitioner") is a California state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has been fully briefed, the Honorable William McCurine, Jr., United States Magistrate Judge, has issued a Report and Recommendation ("report") recommending that this Court deny the petition in its entirety, and petitioner has filed objections thereto. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **OVERRULES** petitioner's objections, **ADOPTS** the magistrate judge's report, and **DENIES** the petition for writ of habeas corpus in its entirety.

//
//
//
//

## BACKGROUND[1]

On October 2, 2003, Calvin Pete, a friend of petitioner, saw petitioner get into a car owned by Pablo Cruz that was parked in the driveway of a motel. As petitioner began to drive away, Cruz jumped onto the driver's side of the car in an attempt to stop petitioner. Cruz fell off the car and petitioner left the scene. Cruz was subsequently transported to a hospital where a trauma surgeon noted that Cruz was unresponsive and had a laceration to the head. On October 9, 2003, Cruz's family requested that his doctors discontinue the aggressive care they had been giving him during the previous week and Cruz died shortly thereafter. An autopsy was performed on October 10, 2003, after which it was concluded that the cause of Cruz's death was blunt force head injuries. On October 3, 2003, Cruz's car was discovered on fire and it was later determined the fire had been deliberately set.

During *voir dire* at the beginning of petitioner's trial, one of the jurors, Juror No. 5, indicated she had met the prosecutor and the prosecutor's wife during a prior social occasion but stated she did not feel it would affect her ability be partial. After the third day of trial, Juror No. 5 was questioned again as to her association with several law enforcement personnel and prosecutors after another prosecutor brought the issue before the trial court. After examining the juror extensively, the trial court denied the defense request to replace the juror, finding no bias or prejudice. The appellate court affirmed the trial court's decision, finding the juror's association was limited to common membership in the a social club which did not rise to the level of "close friend or relative" requiring disclosure in response to *voir dire* questioning. Lodgment 2 at 22.

The jury ultimately convicted petitioner on April 6, 2005, of one count of first degree murder with special circumstances that it was committed during the commission

---

[1] A detailed statement of facts taken verbatim from the state court's unpublished opinion affirming petitioner's conviction on direct review was presented in the report and, as required on federal habeas review, the factual findings made by the state appellate court were presumed correct and given great deference. *See* Doc. # 20 at 3-4, 6-9, 13-15, 18-19; *see* 28 U.S.C. § 2254(a)(1); Sumner v. Mata, 449 U.S. 539, 545-47 (1981). Petitioner does not object to the factual findings presented nor the magistrate judge's presumption of correctness. *See* Doc. # 22. This Court adopts those factual findings in full and presents only a general summary of the facts and procedural history here.

of a carjacking, one count of carjacking, and one count of arson. Petitioner appealed his conviction to the California Court of Appeals and, on November 30, 2006, the California Court of Appeals affirmed the conviction in an unpublished opinion. Petitioner subsequently filed a petition for review before the California Supreme Court. On March 14, 2007, the California Supreme Court denied the petition without comment.

On November 7, 2007, petitioner filed the instant petition for writ of habeas corpus, asserting identical claims to those asserted throughout his state court appeals. On May 7, 2008, respondent filed an answer to the petition and, on June 24, 2008, petitioner filed a traverse. The report was issued by the magistrate judge on October 30, 2008. Petitioner filed his objections to the report on November 19, 2008. Respondent did not file a reply to petitioner's objections.

## **DISCUSSION**

### 1. **Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. *See* Fed.R.Civ.P. 72(b). It is well-settled, under Rule 72(b), that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *See* Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

### 2. **Analysis**

The Court has conducted a *de novo* review of the record in this case, independently reviewing the report and all relevant papers submitted by both parties. In his petition, petitioner presented three grounds for relief, contending that: (1) the trial court violated petitioner's right to due process by denying his request to instruct the jury pursuant to his

requested instructions regarding causation and independent intervening acts; (2) petitioner's Fifth, Fourteenth, and Sixth Amendment rights were violated when the trial court denied his request to excuse a juror; and (3) the trial court violated petitioner's right to due process when it allowed the prosecution to question a witness as to whether he was being uncooperative due to fear of retaliation from petitioner's family. Doc. # 1 at 6-8. The magistrate judge found all three claims lacked merit. *See* Doc. # 20.

Petitioner filed objections to the magistrate judge's report. Although petitioner presents a lengthy discussion concerning the merits of each his claims, none of petitioner's arguments are directed at any specific fact or conclusion made by the magistrate judge in the report. *See* Doc. # 22. As such, this Court may adopt the magistrate judge's report *in toto*, provided the findings made are not clearly erroneous. *See* Thomas, 474 U.S. at 153-55.

After a thorough *de novo* review of the record, this Court agrees with the magistrate judge's findings regarding petitioner's first claim. The magistrate judge found the state appellate court did not err in affirming the trial court's denial of petitioner's request to give the jury special defense instructions as to petitioner's theory as to the proximate cause of the victim's death in light of the evidence presented by the defense's own expert that blunt impact to the head was the cause of the victim's death. Doc. # 20 at 12. Thus, the magistrate judge correctly determined the state court's determination was not an unreasonable determination of the facts in light of the evidence presented. Id.

This Court also agrees with the magistrate judge's findings and conclusion regarding petitioner's second claim. The magistrate judge determined that the state court was not clearly erroneous in finding that the record contained no evidence that Juror No. 5 concealed the nature of her relationship with the prosecutor or his wife, nor had any close relationship with law enforcement, and reaffirmed her ability to be a fair and impartial juror. Doc. # 20 at 17. After a careful review of the record presented, this Court finds that the magistrate judge correctly found the state court's decision to deny petitioner's claim of juror bias was neither contrary to, nor an unreasonable application of clearly established

United States Supreme Court law. *See* McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984)(a juror's answer given on *voir dire* in response to a material question must be dishonest to be challenged for cause).

Lastly, as to petitioner's third claim challenging the trial court's decision to allow the prosecution to question Calvin Pete regarding fear of retaliation, the magistrate judge found the state court's decision was not an unreasonable application of clearly established federal law nor was it an unreasonable application of the facts in light of the evidence presented. *See* Doc. # 20 at 21. The magistrate judge noted that petitioner's claim centered on a single question presented by the prosecutor to Calvin Pete: "'Is another reason you weren't completely honest this morning you were somewhat concerned about retaliation from members of Jimmy Barkacs' family?'" Id. (quoting Lodgment 5, Rep. Tr. Vol. 4 at 329). Pete responded that the retaliation concern was not "exactly the reason. I just didn't say anything probably just because it sounds bad that I took him to get gas." Lodgment 2 at 24-25. The magistrate judge pointed out that the question put to Pete was not evidence and the jury was instructed that questions from the attorneys were not to be considered as evidence. In addition, the magistrate judge pointed out that there was overwhelming, undisputed evidence presented to the jury independent of the evidence contributed by Calvin Pete such that any evidentiary error regarding Calvin Pete's testimony was harmless. Id. at 19-20. Thus, the magistrate judge agreed with the state court that there was no error and, even if there was error, it was harmless. *See* id. at 19-21. Based on this Court's *de novo* review of the record, this Court agrees with the magistrate judge's findings and conclusions regarding this claim, in that a review of the record reflects that there is no evidence to support a finding that the presentation of this single question had a substantially injurious influence on the jury's verdict as required to merit federal habeas relief on an evidentiary challenge. Brecht v. Abrahamson, 507 U.S. 619, 622 (1993). As such, the Court finds petitioner's third claim unavailing.

This Court finds that the magistrate judge provided a cogent analysis of all the issues presented in the instant petition and agrees with the findings and conclusions presented

in the report. Therefore, this Court overrules petitioner's general objections to the report, adopts the magistrate judge's report in full, and denies the petition in its entirety.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections to the magistrate judge's Report and Recommendation are **OVERRULED** in their entirety;
2. The magistrate judge's findings and conclusions contained in the Report and Recommendation are **ADOPTED** in full;
3. The instant petition is **DENIED** in its entirety; and
4. The Clerk of Court shall enter judgment accordingly.

DATED:   May 20, 2009

_____
JOHN A. HOUSTON
United States District Judge