UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT BARKACS,<br><br>　　　　　　Petitioner,<br>v.<br><br>D. ADAMS, Warden,<br><br>　　　　　　Respondent. | Civil No. 07cv2139 JAH(WMc)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY** |

On June 17, 2009, petitioner, a state prisoner appearing *pro se*, filed a notice of appeal together with a motion to proceed *in forma pauperis* on appeal. Petitioner seeks to appeal this Court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, which challenged his conviction, after a jury trial, on one count of murder committed during the commission of a carjacking, one count of carjacking, and one count of arson. Although petitioner did not expressly request a certificate of appealability concurrently with his motion, instead, indicating that he would file such a request within 30 days of the notice of appeal, *see* Doc. # 17,[1] this Court *sua sponte* considers whether a certificate of appealability should be granted. *See* Fed.R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997)("If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for certificate).

---

[1] Because this Court *sua sponte* considers whether to grant a certificate of appealabiliy, petitioner need file anything further in this regard with this Court.

**1.      Motion to Proceed *In Forma Pauperis* on Appeal**

Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement. . .of any suit. . . or appeal. . .without prepayment of fees or security therefor, by a person who submits an affidavit. . .that the person is unable to pay such fees or give security therefor." A party seeking to proceed *in forma pauperis* on appeal must file a motion with the district court and attach an affidavit that "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed.R.App.P. 24(a)(1).

Here, petitioner/appellant declares he is in custody and that he does not have any assets. Thus, it appears petitioner is clearly without the ability to pay the filing fee on appeal. However, petitioner/appellant fails to detail the issues he intends to present on appeal as required for this Court to determine whether to grant or deny his request to proceed *in forma pauperis* on appeal. *See* Fed.R.App.P. 24(a)(1). Accordingly, petitioner's motion to proceed *in forma pauperis* on appeal is **DENIED without prejudice.**

**2.      Certificate of Appealability**

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).

The instant petition contains three claims for relief: (1) the trial court violated petitioner's right to due process by denying his request to instruct the jury pursuant to his requested instructions on the cause of death of the victim; (2) petitioner's Fifth, Fourteenth, and Sixth Amendment rights were violated when the trial court denied his request to excuse a juror based on an allegedly concealed relationship with the prosecutor

and/or his wife; and (3) the trial court violated petitioner's right to due process when it allowed the prosecution to question a witness as to whether he was being uncooperative due to fear of retaliation from petitioner's family. This Court found that petitioner's first claim failed because petitioner's own expert's testimony contradicted the issue that petitioner sought to be presented in the jury instruction and, thus, agreed with the magistrate judge's finding that the state court's ruling on this claim was not an unreasonable determination of the facts in light of the evidence presented. This Court also found petitioner's second claim unavailing because the record did not reflect the juror in question concealed the nature of her relationship with the prosecutor or his wife and had reaffirmed her ability to be fair and impartial. As to petitioner's third claim for relief, after a thorough review of the record, this Court found petitioner's due process violation claim lacked merit because the record reflected no evidence supporting a determination that the presentation of a single question to one witness had an injurious influence on the jury's verdict such that federal habeas relief might have been warranted.

This Court's findings regarding petitioner's three claims for relief are not, in this Court's view, findings that could be considered debatable among jurists of reason nor could any other court reasonably resolve the issues in a different manner. *See* Lambright 220 F.3d at 1024-25. Therefore, petitioner is not entitled to a certificate of appealability. Accordingly, this Court **DENIES** a certificate of appealability as to the claims presented in the instant petition.

DATED: June 30, 2009

_____
JOHN A. HOUSTON
United States District Judge